## NATURAL RESOURCES and ENVIRONMENTAL PROTECTION CABINET, Movant,

v.

## INTEGRITY INSURANCE COMPANY, Respondent.

### No. 88–SC–219–DG.

Supreme Court of Kentucky.

Oct. 27, 1988.

Ronald P. Mills, Maureen D. Carman, Office of Gen. Counsel, Natural Resources and Environmental Protection Cabinet, Frankfort, for movant.

Shelby C. Kinkead, Jr., Bulleit, Kinkead, Irvin & Reinhardt, Lexington, for respondent.

GANT, Justice.

On October 3, 1985, movant herein, Natural Resources and Environmental Protection Cabinet, filed an administrative complaint against Sugar Creek Coal Company, Inc. and its bond sureties, including respondent Integrity Insurance Company. The basis of this action was that Sally Bowling, the sole shareholder of Sugar Creek, had been an officer and director of Hardly Able Coal Company. This company had unabated reclamations for which bond forfeitures had been declared, and Sally Bowling had failed to disclose that information in her permit application for Sugar Creek, as required by KRS 350.060(4), (5) and various administrative regulations.

Hearing was held in January, 1986, as a result of which the Hearing Officer concluded there was nothing "in the record to demonstrate that Sugar Creek [had] failed to mine the site in accordance with its method of operation and to reclaim in accordance with its plan and the applicable statutes and regulations." The Hearing Officer recommended that the proper remedy for the incomplete permit application was not permit revocation and bond forfeiture but prosecution of Sugar Creek for mining without a permit, since no permit had ever validly issued.

The Secretary of the Cabinet rejected the Findings, Conclusions and Recommendations of the Hearing Officer, ordered the permit revoked, and the bond forfeited. This was affirmed by the Franklin Circuit

Court but reversed by the Court of Appeals. The Court of Appeals held that the "bond" referred to in KRS Chapter 350 was a "reclamation bond" only. We affirm the Court of Appeals in its holding, but on different grounds. For our decision in this case it is unnecessary to categorize the bond as a reclamation bond or a performance bond.

The sole question in this case is whether there should be a forfeiture of the bond required by KRS 350.060(11)—formerly KRS 350.060(14)—under the facts of this case. The pertinent part of this statute reads:

> The operator shall file with the Cabinet a bond payable to the Commonwealth of Kentucky with surety satisfactory to the Cabinet in the sum to be determined by the Cabinet for each acre or fraction thereof of the area of land affected, with a minimum bond of Ten Thousand Dollars ($10,000), conditioned upon the faithful performance of the requirements set forth in this chapter and of the administrative regulations of the Cabinet. The Cabinet shall forfeit the entire amount of the bond for the permit area or increment in the event of forfeiture. In determining the amount of the bond, the Cabinet shall take into consideration the character and nature of the overburden, the future suitable use of the land involved, the cost of backfilling, grading and reclamation to be required, and the probable difficulty of reclamation, giving consideration to such factors as topography, geology, hydrology, and revegetation potential. The bond amount shall initially be computed to be sufficient to assure completion of reclamation if the work had to be performed by the Cabinet in the event of forfeiture. The Cabinet shall promulgate administrative regulations setting forth bonding requirements, including, but not limited to, requirements for the amount, duration, release and forfeiture of such bonds.

The statutory scheme of KRS Chapter 350 is that no bond is required to be posted "until the applicant for the permit has been notified in writing by the Cabinet that the application for the permit has been approved, with the exception of the bond." KRS 350.066. Thus, the act of commission or omission of failure to disclose the previous association with a company which had been declared in default and bonds forfeited had occurred before the bond in the instant case was even posted. The failure to disclose this information is the only actionable breach alleged, and this breach occurred before the time of any contractual relationship between the bond obligor and the bond obligee. Thus no liability could attach to the bonding company, respondent Integrity Insurance Company.

The judgment of the Franklin Circuit Court is reversed, and this case is remanded to that court for action consistent with this opinion.

All concur.